UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSE DE JESUS ROSALES RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | CAUSE NO. 3:26-CV-943-CCB-SJF |

**<u>OPINION AND ORDER</u>**

Immigration detainee Jose De Jesus Rosales Ramirez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Rosales Ramirez is a citizen of Mexico who entered the United States without inspection in 1999. (ECF 1 at 3.) In June 2026, he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents within the interior of the United States. (*Id.*) He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings. (ECF 1.) He states that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (*Id.*) He argues this statutory provision does not apply to him, and that his detention without an opportunity for bond violates applicable statutes and regulations, as well as the Due Process Clause of the Fifth Amendment. (*Id.* at 23-30.) He seeks immediate release from custody or other relief the court deems "just and proper." (*Id.* at 31-32.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Respondents answered the petition (ECF 11), and Mr. Rosales Ramirez filed a reply (ECF 13).

After the show cause order issued, the Seventh Circuit joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission'" fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements."[1] *Cirrus Rojas v. Olson*, ___F.4th___, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin,* ___F.4th___, 2026 WL 1876709 (10th Cir. June 30, 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Rosales Ramirez v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.).

In light of this intervening decision, the Respondents now concede that Mr. Rosales Ramirez's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized custody redetermination hearing. (ECF 11.) The Respondents nevertheless argue that Mr. Rosales Ramirez "still must move the immigration court for the hearing and exhaust his administrative remedies." (*Id.* at 2.) In reply, Mr. Rosales Ramirez argues that he should not be required to exhaust, and that because the Seventh Circuit has resolved the primary issue in dispute in his favor, he is entitled to immediate release from custody. (ECF 13.)

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when

. . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Rosales Ramirez suggests that exhaustion might be futile because of the agency's long-standing position on § 1225(b)(2), but in light of the Seventh Circuit's recent opinion in *Cirrus Rojas*, futility is no longer reasonable to presume. The Respondents concede that he is entitled a bond hearing (ECF 11), and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

He also argues that exhaustion would be futile because the agency has no ability to resolve his non-statutory claims, but this does not excuse him from exhausting. A petitioner is not permitted to skip the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *see also Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) ("Although due process claims do not usually require exhaustion because the [BIA] cannot adjudicate constitutional issues, the requirement applies when the petitioner's claim involves procedural errors correctable by the administrative tribunal.") (citation and internal quotation marks omitted). He believes that exhaustion would serve no purpose, but the court disagrees. If he has a bond hearing, he might prevail before an immigration judge or be able to obtain relief from the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3). A favorable ruling could obviate the need to reach his Due Process claim or, at a minimum, alter its factual basis. *See Z.G. v. Olson*, ___F. Supp.3d___, 2026 WL 1279081, at *2-4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration

bond determination even though petitioner raised Due Process claim, because "his entitlement to more procedure or outright release as a gloss from constitutional understandings of due process may change based on how his status and individual interests change (or become moot altogether) based on administrative proceedings").

He additionally argues that requiring him to exhaust would "reward" the government for its prior erroneous interpretation of § 1225(b)(2). (ECF 13 at 7.) It is worth noting that two Circuits have agreed with the government's interpretation of the statute, and the Supreme Court has yet to resolve the issue. *See Avila*, 170 F.4th at 1131; *Buenrostro-Mendez*, 166 F.4th at 498. Furthermore, the purpose of a habeas corpus action is not to compensate the petitioner for a past injury; it is solely to determine whether his current detention is lawful. *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody. . . [and] he is not to be discharged for defects in the original arrest or commitment.") (internal quotation marks omitted), *limited on other grounds by I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Until it is known whether the agency will grant Mr. Rosales Ramirez a bond hearing if he requests one, it would be premature to conclude that his current detention is unlawful.

Although Mr. Rosales Ramirez asks for outright release, it is for the Attorney General to decide in the first instance whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *see also Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking

habeas corpus relief is curtailed by statutory structure that applies in immigration cases). The appropriate course is to require Mr. Rosales Ramirez to pursue a bond request in his removal proceedings. Unless he is found categorically ineligible for bond after requesting a custody redetermination by an immigration judge, it is premature for him to seek federal habeas relief.

For these reasons, the petition (ECF 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is **DIRECTED** to enter final judgment and to close this case.

SO ORDERED on August 14, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT